UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO MARTINEZ REYES,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
DETENTION CENTER,

Respondent.

No.  1:26-cv-03747-DAD-AC

ORDER GRANTING MOTION TO DISMISS,
DISMISSING PETITION AS SUCCESSIVE,
AND DENYING PETITIONER'S MOTIONS
AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 2, 3, 9)

On May 15, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On May 19, 2026, respondent filed a notice of related cases informing this court that petitioner had previously filed a petition in the case titled *Martinez Reyes v. Bondi, et al.*, No. 1:26-cv-02334-JLT-CDB (E.D. Cal.).  (Doc. No. 8.)  A review of the docket in that case reveals that, on April 8, 2026, petitioner was previously granted habeas relief in the form of a substantive bond hearing being ordered and the case was closed.  *Martinez Reyes*, Doc. No. 12. Accordingly, on March 19, 2026, respondent filed a motion to dismiss in this action, arguing that petitioner's petition is barred as a successive petition pursuant to § 2241 under the abuse of the writ doctrine.  (Doc. No. 9 at 2–3.)

/////

1

The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Nevertheless, the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.*

Here, petitioner's petition alleges that he is detained without due process of law in violation of the Fifth Amendment and the Immigration and Nationality Act. (Doc. No. 1 at 6–7.) Notably, petitioner alleges that he is being held without a bond hearing. (*Id.*) A review of the petition filed in the earlier action shows that petitioner stated the same claims for relief in that action. *Martinez Reyes*, Doc. No. 1 at ¶¶ 41–76. Accordingly, the court finds that he has raised the same grounds for relief as in his prior petition. Moreover, respondent has demonstrated that petitioner has received the bond hearing that was previously ordered. (Doc. No. 9-1.) Accordingly, the undersigned concludes that petitioner has not shown cause for bringing a successive petition nor has petitioner shown that a fundamental miscarriage of justice would result from failing to consider his successive petition. Therefore, the court finds that this second petition is barred as a successive petition under the abuse of the writ doctrine and will grant respondent's motion to dismiss. *See Burke v. Colbert*, No. 23-1644, 2025 WL 89115, at *1 (9th Cir. Jan. 14, 2025)[1] ("The district court correctly concluded that this claim is barred by the abuse of the writ doctrine because he raised it in his first § 2241 petition.").

For the reasons explained above,

    1.    Respondent's motion to dismiss (Doc. No. 9) is GRANTED without leave to amend;

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

2. Petitioner's petition for writ of habeas corpus is DISMISSED as a successive petition barred under the abuse of the writ doctrine;

3. Petitioner's motion to appoint counsel (Doc. No. 2) and motion for temporary restraining order (Doc. No. 3) are DENIED as having been rendered moot by this order; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**May 21, 2026**__                    ___Dale A. Drozd___

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3